The learned counsel for the defendant concedes that the acts complained of are an unlawful trespass, and admits that the limitations of the powers of the police are correctly laid down by this court and the Court of Appeals in the Glennon Case, 37 Misc. Rep. 1, 74 N. Y. Supp. 794; 175 N. Y. 45, 67 N. E. 125; and in the 'Summers Case, 40 Misc. Rep. 384, 82 N. Y. Supp. 297. Invoking, however, the rule of equity that a plaintiff in order to get relief must come into court with clean hands, he claims that this plaintiff's hands are not clean, for which he cites the case of Weiss v. Herlihy, 23 App. Div. 608, 49 N. Y. Supp. 81. The decision there is by a seriously divided court, and is, at best, it seems to me, unauthoritative except in a case exactly the same. So far as this case is concerned, the plaintiff's hands are clean; and, indeed, nothing is proved against him outside of it. But if he were a man of bad or inferior character, he would be entitled to the protection of the laws and the courts in his rights. The police cannot trample on people on any such ground as that. It is not for them to adjudge any man to be good or bad, but for the courts. If they claim that this plaintiff is a criminal, let them bring him into court on a warrant and prosecute him.

The motion is granted.

---

(44 Misc. Rep. 74.)

SOUTHOLD SAV. BANK v. BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 22 OF TOWN OF HEMPSTEAD.

(Supreme Court, Special Term, Suffolk County. June, 1904.)

1. SCHOOL DISTRICTS—ACTION ON BONDS—PARTIES.

    In an action against a school district to recover on bonds issued by it, the fact that after the issue of the bonds a portion of the district was cut off and annexed to the city of New York, and no adjustment of the bonded indebtedness had been made between the district and such city, does not compel the bondholder to make the city a party, in order that the controversy between it and the school district may be determined.

Action by the Southold Savings Bank against the board of education of Union Free School District No. 22 of the town of Hempstead. Motion for an order directing the city of New York to be made a party defendant. Plaintiff sued to recover interest on certain bonds issued by the defendant. A portion of the school district when the bonds were issued was thereafter cut off, and made a part of the city of New York. Motion denied.

    This is an action to recover various sums due the plaintiff for interest on certain bonds issued by the defendant. Subsequent to the issue of the bonds, by the passage of the Greater New York Charter (Laws 1897, c. 378), a portion of the school district as it had existed at the time when the bonds were issued was cut off, and became a part of the city of New York. No adjustment of the bonded indebtedness of the district having been made between the city and the district, interest was not paid on the bonds, and this action was brought.

Wyckoff, Statesir & Frost (Edward L. Frost, of counsel), for the motion.

Herbert L. Fordham, opposed.

SMITH, J. In my opinion, the defendant should adjust its affairs with the city of New York without making the plaintiff a party to the litigation. I think the court, if it had the power, should not delay the plaintiff in the collection of its just dues by compelling it to await the determination of a controversy for the origin of which plaintiff was not at all responsible.

Motion denied.